■ In the Matter of JOSEPH PAPASIDERO, Petitioner, v. CHARLES D. MURPHY et al., Police Commissioners of the Village of Port Washington Police District, Respondents.— Proceeding by petitioner pursuant to article 78 of the CPLR (1) to review a determination of the respondents, dated August 3, 1970, which adhered to their prior decision, rendered in April, 1963, removing him as a police officer; (2) to compel his reinstatement; and (3) for other relief. Determination annulled, on the law, without costs, and respondents directed to reinstate petitioner forthwith, as of April 15, 1963, with back pay, increments and benefits, as hereinafter provided. The matter is remitted to the Trial Term of the Supreme Court, Nassau Couty, for the purposes hereinafter specified. The Police Commissioners of the Village of Port Washington Police District removed petitioner as a police officer on April 15, 1963 for incompetency by reason of physical disability. He was given no opportunity to be heard, although as a Korean War veteran he was entitled to receive formal charges and a hearing upon sworn testimony (see Civil Service Law, § 75, subd. 1, par. [b]; *Matter of Papasidero* v. *Fasano,* 19 N Y 2d 440, 442; *Papasidero* v. *Port Washington Police Dist.,* 31 A D 2d 766, affd. 26 N Y 2d 1008). He was not served with a written statement of charges until on or about May 1, 1970 and then only after extensive litigation had established his

*right* to formal written charges and a hearing, without directing his reinstatement. The written statement charged him with "incompetence in that he was disqualified physically for the performance of his duties at and prior to his removal as a member of the Port Washington Police Department on April 15, 1963." His answer raised the defense that the charges were barred by the Statute of Limitations. A hearing was had on May 25, 1970 and June 15, 1970; and by determination dated August 3, 1970 respondents found that the charge was fully sustained by the evidence and that petitioner's discharge in April, 1963 was fully justified. Respondents further stated they had carefully considered "other alternatives" (see *Matter of Papasidero* v. *Fasano, supra,* p. 443) but rejected them. At the time of petitioner's removal on April 15, 1963 the Civil Service Law (§ 75, subd. 4) provided that "no removal or disciplinary proceeding shall be commenced more than three years after the occurrence of the alleged incompetency or misconduct complained of and described in the charges" (see L. 1962, ch. 645). Here, no removal proceeding was commenced against petitioner prior to his removal from the police force on April 15, 1963. The removal itself may not in our opinion be deemed the commencement of a removal proceeding against him, since it occurred *before,* not *after,* a hearing upon stated charges as the statute requires (see Civil Service Law, § 75, subd. 1). We find that no removal proceeding was commenced against petitioner until respondents served him with the written statement of charges on or about May 1, 1970, more than seven years after the incompetency complained of and described in the charges. Since the removal proceeding was not commenced within the three-year period of limitation, it is barred by the Statute of Limitations. Petitioner is therefore entitled to immediate reinstatement as of April 15, 1963, with back pay (less compensation received from other employment during the interim) from that date to the date of reinstatement, together with accrued increments and benefits, including reimbursement of reasonable expenditures for all medical and dental services to which he would have been entitled if he had been a police officer during such interim (cf. *Matter of Driscoll* v. *Troy Housing Auth.,* 6 N Y 2d 513, 524). The net amount of money due petitioner presents triable issues of fact. The matter should therefore be remitted to the Trial Term of the Supreme Court for trial of such issues; and the decision rendered after the trial should be returned to this court for the making of an order thereon (see CPLR 7804, subd. [h]). Munder, Acting P. J., Latham, Gulotta and Christ, JJ., concur; Shapiro, J., concurs in the result, with the following memorandum: I agree with the holding that the removal proceeding is barred by the Statute of Limitations and note that, were it not so barred, the failure of respondents to take and consider proof as to petitioner's physical condition subsequent to April 15, 1963 and prior to the service upon him of written charges would have constituted error necessitating a remand for a new hearing.